ELLIS, Judge:
Plaintiff Johnny R. Davis is the owner of Lot 1, Square 3, Subdivision Day in Baton Rouge. The improvements formerly situated thereon carried the municipal number 601 South 10th Street. On October 22, 1969, plaintiff was notified, through his rental agent, that the house situated on his lot did not meet minimum standards imposed by Baton Rouge City Ordinance No. 1224. He was ordered to remove the violations of the standards, which were enumerated in the notice, by November 22, 1969.
On January 8,1973, plaintiff was notified that the violations had not been corrected as of that date. He was ordered to complete repairs by February 8, 1973, or the matter would be referred to the Parish Attorney’s office for appropriate action.
On December 23, 1976, a notice was served on plaintiff directing him to appear at the Baton Rouge City Council meeting of January 12, 1977, to show cause why the house should not be demolished. • At the January 12th meeting the City Council found the house to be in a dilapidated condition and ordered plaintiff to “repair, remove or demolish said building, said work to begin within 30 days from date of this Decision and Order and to be completed within 90 days therefrom, in default of which the Department of Public Works is instructed to proceed with removal and demolition.” Plaintiff attended that meeting of the City Council, and interposed no objection to the action taken.
On May 20, 1977, a notice was served on plaintiff, by domiciliary service on his son, advising him that he had not complied with the order of the City Council and that the Department of Public Works was going to proceed with the demolition and removal of the house. He was further notified that “should you desire to salvage any materials from the above described structure you must do so prior to commencement of work by the Department of Public Works since all material and debris will be removed from the site and the premises will be left in a clean condition.”
Thereafter the City advertised for bids for the demolition of plaintiff’s house. The low bidder was Michael Keaveny, who bid $740.00. On February 16, 1978, the City entered into a contract for the demolition of the house with Mr. Keaveny, which provided, inter alia:
“It is understood and agreed that, as a part of the consideration to Contractor, all lumber, concrete, brick foundations, chimneys, pillars, and all other debris of any kind shall be removed by the Contractor at his cost.”
Mr. Keaveny then entered into an agreement with Jimmy Majors, who agreed to demolish the house for the materials contained therein. While Mr. Majors was in the process of taking the house down, plaintiff instituted this suit, asking for an injunction to prevent the demolition of the house. After a hearing, a preliminary injunction was denied on April 5, 1978, and *1059 the house was demolished by Mr. Majors, who took the salvageable materials.
Plaintiff amended his petition on October 10, 1978, to allege that he should be given credit for the value of the salvageable materials in the house. Trial was later held on the merits and plaintiff’s suit was dismissed. From the judgment of dismissal plaintiff has appealed.
In this court, plaintiff contends that the condemnation and demolition procedures followed by the City deprived him of his property without just compensation, and that the failure of the trial judge to allow oral argument when the case was submitted constitutes reversible error.
The law provides several methods by which a municipality may condemn structures which have become so dilapidated as to constitute a public hazard. See R.S 33:4751 and 4752; R.S. 33:4761-4767; R.S. 40:561-572. Pursuant to the authority contained in the above statutes, the City of Baton Rouge has adopted minimum housing standards and procedures for condemnation and demolition of structures which remain in violation thereof. Section 4.7, Title 8A, Baton Rouge City Code.
It is not disputed that plaintiff received all notices to which he was entitled, and, during the course of the trial, plaintiff stipulated that he had received due process of law. However, after the preliminary injunction had been denied, and the building had in fact been demolished and the materials taken away, plaintiff amended his petition to seek the value of the salvageable materials in the building, and put on expert testimony as to the value thereof.
The contract for the demolition of the building which was entered into with Mr. Keaveny provides for the materials to be removed from the lot by the contractor, at his cost, as an additional consideration to him. The contract does not specifically state that the salvageable materials become the property of the contractor, but no restrictions are placed on the manner in which the materials are to be disposed of by him. Plaintiff claims that he should receive a credit for the value of the salvageable materials, and that, in not giving credit for same, the City has taken his property without just compensation being paid.
We cannot agree. Plaintiff literally had years within which to bring the house into compliance with minimum housing standards. Failing in this, he was given almost eight months to remove salvageable materials from the building, and, once again, failed to do so. He made no claim for the value of the materials until after 'the building had been demolished and the lot cleared. Having failed completely to protect his own interests, he cannot now claim that the City should have done so. The purpose of the law is to permit the City to remove a condition hazardous to public safety. The removal and disposition of the materials composing the structure is necessary to the accomplishment of that purpose. Ample opportunity is afforded the property owner to take the salvageable materials prior to demolition. His failure to repair the structure, or to salvage the materials therein, can only be construed as an abandonment thereof.
Plaintiff’s argument that the trial judge committed reversible error in not allowing oral argument is without merit. The granting or refusal of oral argument lies within the sound discretion of the trial court, and we find no abuse of that discretion in this case. See Belanger v. Employers Mut. Liability Ins. Co. of Wis., 159 So.2d 500 (La.App. 1st Cir. 1963).
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.