YELVERTON, Judge.
A dwelling in the city of Opelousas belonging to Dr. Emile Ventre was condemned for lack of meeting the building code standards of the city, in accordance with the condemnation procedure outlined in La.R.S. 33:4761, et seq. Dr. Ventre received all notices required by law. He did not respond to any of the notices to appear before the city council and accordingly the residence in question was ordered to be demolished and removed. The job of demolishing or removing the building was let out for bids and the plaintiff, Joseph Dupre, was the successful low bidder and he was awarded the contract, which was signed on January 31, 1985. A few days later, on February 12, 1985, Dr. Ventre appeared before the city council complaining of the decision ordering the demolition. He told the council that the building was in need of repair but was not in a dilapidated condition such as would endanger the health or safety of citizens. As a result of this meeting and the discussion that followed, the city council recalled the order of demolition.
Dupre refused to accept the $250 bid price and cancellation of the contract. Insisting on being compensated for the loss of profit that he expected to make on the transaction, he filed suit. At the trial he testified that he planned to sell the salvageable old wood in the house.
After a trial, the judge awarded plaintiff only $250, together with court costs, reasoning that the plaintiff had failed to prove that the contract vested in him a right of ownership of the property, and that, although the city breached the *1087 contract, Dupre’s only damage was $250. Dupre appealed. We affirm.
All that the city had the power to do under the condemnation law was contract for the demolition for the removal of the building. La.R.S. 33:4761. At the trial it was stipulated between the parties that when a building is torn down, or salvaged, the city has no knowledge of what happens to the materials that were in the structure. The contract in this case was on a form entitled “Agreement for Demolition and Notice of Lien and Privilege”. The relevant language of the contract is as follows:
This is an agreement between the CITY OF OPELOUSAS and [,JOSEPH E. DUPRE \ as Contractor for demolition and removal of a certain dwelling house on the following described property:
One lot 60 X 130 feet on Bloch Street; bounded North by Ventre; South by Bloch Street; East by Estate of P.A. Sandoz, et al and West by property of Lola Ventre Gardiner.
This contract is made pursuant to City ordinances made for such cases following notice to the property owner or representative thereof. The owner thereof being Dr. Emile K. Ventre, 209 Market St., Opelousas. The cost of removal to be paid to contractors is the sum of Two hundred fifty and No/100 ($250.00) Dollars, to be paid by the City after removal and upon inspection of the premises after removal of all debris by the contractor.
There is nothing in the above language which purports to convey ownership of the building or its lumber from the city to Dupre. The contract was not a sale. It was an innominate work contract by the job. Likened to a construction job, the City had the power to unilaterally rescind the contract, for La.C.C. art. 2765 says:
The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.
Upon rescission the City was under the obligation to pay Dupre for the expense and labor already incurred, as well as the damages the nature of the case might require. Dupre had done no work toward removal or demolition, therefore all that was required was to pay him the bid price of $250.
Dupre argues that the salvageable lumber became his property by virtue of an abandonment thereof by the owner, Davis v. City of Baton Rouge, 383 So.2d 1057 (La.App. 1st Cir.1980), writ denied, 384 So.2d 986 (1980). We disagree. In that case an owner of a house brought a suit maintaining that he should be given credit for the value of salvageable materials from his house which was condemned and demolished by the city because it was a public hazard. The court found that the contract did not specifically state that the salvageable materials became the property of the contractor although no restrictions were placed on the manner in which the contractor would dispose of the materials. The owner failed to repair the structure after notices to correct the violations and failed to salvage the materials following notice to salvage any materials prior to the commencement of work by the city’s Department of Public Works. The court held that the owner by his silence over a long period of time and allowing the building to be demolished and removed, had abandoned the salvageable materials. The trial court in our present case did not, and we do not read Davis as authority for finding that the materials go to the contractor by the very nature of the contract. Because the owner in Davis had abandoned the materials, the contractor was awarded the materials by the court.
In the instant case the owner, Dr. Ven-tre, did not abandon the salvageable materials of his house. Thus, the materials remained the owner’s property. The City did breach its contract with the plaintiff for the demolition and removal of the house, but the City by its actions deprived plaintiff of the $250 contract price only, and nothing more, because we find that the materials did not become the contractor’s by the contract words alone.
*1088 Por the reasons above, we affirm the trial court's judgment. Costs of appeal are borne by the appellant, Joseph Dupre.
AFFIRMED.